UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CARLOS A. TORRES,                                           :         **OPINION & ORDER**
                Plaintiff,                                :
                                                          :
      -against-                                         :         18-CV-5247 (OTW)
                                                          :
COMMISSIONER OF SOCIAL SECURITY,                            :
                                                          :
                Defendant.                                :
---------------------------------------------------------------X

**ONA T. WANG, United States Magistrate Judge**:

**I.    INTRODUCTION**

Plaintiff Carlos A. Torres ("Plaintiff") brought this case seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of his application for disability benefits under the Social Security Act. (ECF 2). On December 6, 2018, the parties stipulated to remand the case to the Commissioner for further administrative proceedings (ECF 19), and on February 28, 2019, the parties stipulated that Defendant would pay Plaintiff a sum of $972.55 in attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for five hours of attorney time expended in this action, in full satisfaction of claims made under the EAJA in connection with this case. (*See* ECF 22; *see also* ECF 24 at 4). On remand, the Commissioner issued a March 17, 2020, Notice of Decision finding that Plaintiff was entitled to disability benefits. (ECF 25 at 3). Before the Court is Plaintiff's counsel, Michael S. Aranoff's ("Mr. Aranoff"), motion for an attorney fee award of $3,000 pursuant to section 406(b) of the Social Security Act, 42 U.S.C. § 406(b), filed on April 28, 2022. (*See* ECF Nos. 23 – 25). The motion was fully briefed on May 13, 2022. (ECF 26). For the following reasons,

Plaintiff's motion is **GRANTED**. The SSA is directed to approve a payment of **$3,000** to Mr. Aranoff.

## II. DISCUSSION

### 1. Legal Standard

Section 406(b) of the Social Security Act states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *accord Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). Instead, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The Court's reasonableness analysis looks at three factors: (1) whether the requested fees exceed the 25 percent limit, (2) whether the contingent fee agreement was reached through "fraud or overreaching," and (3) whether the requested fees would represent a windfall to counsel. *Wells*, 907 F.2d at 373; *see, e.g.*, *Federico v. Acting Comm'r of Soc. Sec.*, No. 20-CV-2220 (AT) (OTW), 2023 WL 4471605, at *1 (S.D.N.Y. June 21, 2023).

To assess whether the requested fees would be a windfall, the Court considers: (1) the ability, expertise, and efficiency of counsel, (2) the nature and length of the relationship with the claimant, (3) the satisfaction of the disabled claimant with counsel's services, and (4) the uncertainty of an award of benefits. *Wells*, 907 F.2d at 372.

### 2. Reasonableness of the Requested Fee

Mr. Aranoff's $3,000 fee award is reasonable. Pursuant to a retainer and contingent fee agreement, Plaintiff agreed to pay Mr. Aranoff 25 percent of his past-due benefits payable to him and his auxiliary beneficiaries, as payment for legal services. (ECF 25 at 3). By Notice of Award letters dated March 27, 2020 (Supplemental Security Income); August 29, 2020 (Social Security Disability benefits), and September 7, 2020 (auxiliary child benefits for Plaintiff's child, Jencarlos Torres Matrille), the Social Security Administration concluded that Plaintiff's past-due benefits totaled $154,524.10. (ECF 25 at 4, 12-15). The $3,000 fee award Mr. Aranoff seeks is far below 25 percent of the past due benefits due to Mr. Torres and his family, a sum of $38,631.02. Mr. Aranoff represents that he spent five hours representing Plaintiff in this action, during which he secured an order vacating the administrative decision denying Plaintiff benefits. (ECF 25 at 4-5). Mr. Aranoff further provides detailed supporting billing records for that time. (ECF 25 at 9-10, Ex. B). There is no evidence of fraud or overreaching.

The $3000 fee award would not represent a windfall to Mr. Aranoff. First, Mr. Aranoff has strong credentials in the practice of Social Security law, having dedicated the majority of his 30-year law practice to representing Social Security Disability claimants. (ECF 25 at 6). Second, Mr. Aranoff was retained by the Plaintiff in December 2018, and was able to secure remand without a large expenditure of time. (ECF 25 at 6). Third, Mr. Aranoff obtained a successful

outcome for Plaintiff, who has not expressed any dissatisfaction with Mr. Aranoff's services. Fourth, due to multiple denials of Plaintiff's benefits over a prolonged period, there was substantial uncertainty as to the result. *See, e.g.*, *Federico v. Acting Comm'r of Soc. Sec.*, 2023 WL 4471605, at *2.

### 3. Timeliness of the Motion

In its response, the Commissioner points out that Mr. Aranoff filed his fees motion on April 28, 2022, well outside of the 14-day filing period following Plaintiff's March, August, and September 2020 Notice of Award letters, *see* Fed. R. Civ. P. 54(d)(2)(B), and seeks that the Court "determine the timeliness" of the motion. (ECF 26 at 2, 6). As the Commissioner correctly observes, however, a court is free to "enlarge th[e] filing period where circumstances warrant." *Sinkler v. Comm'r of Soc. Sec.*, 932 F.3d 83, 89 (2d Cir. 2019). Mr. Aranoff states that he filed his motion following a period of severe COVID-19 illness and serious medical issues related to COVID-19. (ECF 25 at 4). Courts have exercised their discretion to enlarge the 14-day filing period due to COVID-19-related delays. *See, e.g.*, *Ward v. Kijakazi*, No. 20-CV-5412 (PGG) (JLC), 2023 WL 329210, at *3 (S.D.N.Y. Jan. 20, 2023) (collecting cases). Given that Mr. Aranoff's client received Notice of Award letters during the emergence and height of the COVID-19 pandemic, in March, August, and September 2020, during which time Mr. Aranoff was presumably quite ill, the Court exercises its discretion to *nunc pro tunc* extend Mr. Aranoff's deadline to file his fees motion, and considers the instant motion timely. *See also Williams v. Comm'r of Soc. Sec.*, No. 18-CV-4734 (PKC), 2021 WL 4480536, at *3 (E.D.N.Y. Sept. 30, 2021) (motion filed more than four months after 14-day filing period deemed timely where attorney was working from home during the pandemic and experienced mailing delays).

### 4. Previous EAJA Award

Where a plaintiff's counsel received fees for the same work under the EAJA and 42 U.S.C. § 406(b), counsel must refund to the plaintiff the amount of the smaller fee. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (internal quotations and citations omitted). Here, the $972.55 in EAJA fees awarded to Plaintiff were used to offset a debt owed by Plaintiff to the federal government. (ECF 25 at 3). Accordingly, refund of EAJA fess is not at issue in this case.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is **GRANTED**. The SSA is directed to approve a payment of **$3,000** to Michael A. Aranoff.

**SO ORDERED.**

Dated: October 26, 2023
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge